IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **DECAPOLIS SYSTEMS, LLC,**<br><br>Plaintiff,<br>v.<br><br>**MEDSYS GROUP, LLC, TENET HEALTHCARE CORPORATION, UHS OF DELAWARE, INC., AND TYLER TECHNOLOGIES, INC.,**<br><br>Defendants. | Civil Action No. 2:22-cv-146-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

### TENET HEALTHCARE CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Defendant Tenet Healthcare Corporation ("Tenet" or "Defendant") hereby submits its Answer and Affirmative Defenses to the Original Complaint for Patent Infringement filed by Decapolis Systems, LLC ("Decapolis" or "Plaintiff") on May 12, 2022 (Dkt. No. 1). Except as specifically admitted, Tenet denies all allegations and averments of the Complaint, and otherwise responds as follows:

### THE PARTIES

1. Tenet is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 and therefore denies the same.

2. Tenet is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 and therefore denies the same.

3. Tenet admits that it is organized and exists under the laws of the State of Nevada with its principal place of business at 14201 Dallas Parkway, Dallas, Texas 75254. Tenet's

registered agent in the State of Texas is: C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201.

4. Tenet is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 and therefore denies the same.

5. Tenet is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 and therefore denies the same.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this case under 28 U.S.C. §§ 1331 and 1338.

7. Tenet is not challenging personal jurisdiction in this case, but Tenet denies that it has committed any acts of infringement in any judicial district. Tenet admits that it transacts business within this District and has appointed an agent for service of process in Texas. Tenet is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding defendants other than Tenet set forth in Paragraph 7 and therefore denies the same. Tenet otherwise denies the allegations set forth in Paragraph 7.

8. Tenet admits that it conducts business in the State of Texas. Tenet admits that it has voluntarily made services available to residents of this District. Tenet is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding defendants other than Tenet set forth in Paragraph 8 and therefore denies the same. Tenet otherwise denies the allegations in Paragraph 8.

9. Tenet admits that it maintains physical brick-and-mortar business locations in the State of Texas. Tenet is without knowledge or information sufficient to form a belief as to the

truth of the allegations regarding defendants other than Tenet set forth in Paragraph 9 and therefore denies the same. Tenet otherwise denies the allegations in Paragraph 9.

10. Tenet is not challenging whether venue is proper in in the Eastern District of Texas. Tenet admits that it maintains a regular and established business presence in this District.

## PATENTS-IN-SUIT

11. Tenet is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 and therefore denies the same.

12. Tenet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of paragraph 12, and on that basis denies them. Tenet denies the remainder of the allegations in paragraph 12.

13. Tenet denies allegations in Paragraph 13.

14. Tenet admits the patents-in-suit, on their face, name Raymond A. Joao as the sole named inventor for the asserted patents. Tenet is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 and therefore denies the same.

15. Tenet denies allegations in Paragraph 15.

16. Tenet is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 and therefore denies the same.

17. Tenet denies allegations in Paragraph 17.

18. Tenet denies allegations in Paragraph 18.

19. To the extent that Paragraph 19 purports to quote from or characterize U.S. Patent No. 7,464,040, Tenet refers to that document itself for a true and correct statement of its contents. Tenet otherwise denies the allegations in Paragraph 19.

20. To the extent that Paragraph 20 purports to quote from or characterize U.S. Patent No. 7,464,040, Tenet refers to that document itself for a true and correct statement of its contents. Tenet otherwise denies the allegations in Paragraph 20.

21. To the extent that Paragraph 21 purports to quote from or characterize U.S. Patent No. 7,464,040, Tenet refers to that document itself for a true and correct statement of its contents. Tenet otherwise denies the allegations in Paragraph 21.

22. Tenet denies the allegations in Paragraph 22.

23. Tenet denies the allegations in Paragraph 23.

24. Tenet denies the allegations in Paragraph 24.

25. Tenet denies the allegations in Paragraph 25.

26. Tenet denies the allegations in Paragraph 26.

27. Tenet denies the allegations in Paragraph 27.

28. Tenet is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 and therefore denies the same.

29. Tenet is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 and therefore denies the same.

30. Tenet denies the allegations in Paragraph 30.

31. Tenet is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 31 and therefore denies the same. To the extent that Paragraph 31 purports to quote from or characterize any case law, Tenet refers to those documents themselves for a true and correct statement of their holdings, findings, and/or determinations. To the extent that there are any further allegations in Paragraph 31, Tenet denies them.

32. To the extent that Paragraph 32 purports to quote from or characterize 37 C.F.R. § 1.56(b), Tenet refers to that regulation itself for a true and correct statement of its contents. Tenet otherwise denies the allegations in Paragraph 32.  Similarly, to the extent that Paragraph 32 purports to quote from or characterize any case law, Tenet refers to those documents themselves for a true and correct statement of their holdings, findings, and/or determinations. Tenet otherwise denies the allegations in Paragraph 32.

33. To the extent that Paragraph 33 purports to quote from or characterize any case law, Tenet refers to those documents themselves for a true and correct statement of their holdings, findings, and/or determinations.  Tenet otherwise denies the allegations in paragraph 33.

## THE ACCUSED INSTRUMENTALITIES

34. Tenet is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 and therefore denies the same.

35. Tenet admits that it uses Cerner Corporation's EHR systems.  Tenet otherwise denies the allegations in Paragraph 35.

36. Tenet is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 and therefore denies the same.

37. Tenet is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37 and therefore denies the same.

38. Paragraph 38 does not appear to contain any allegations that have not been addressed above. To the extent that Paragraph 38 contains any allegations that have not been addressed above, Tenet denies them.

## COUNT I
## Alleged Infringement of U.S. Patent No. 7,490,048

39. Paragraph 39 does not appear to contain any allegations that have not been addressed above, and Tenet incorporates its answers to the foregoing paragraphs as if set forth fully herein. To the extent that Paragraph 39 contains any allegations that have not been addressed above, Tenet denies them.

40. Tenet admits that it received notice of U.S. Patent No. 7,490,048 ("the '048 patent") on the date that it received service of the Original Complaint in this litigation. Tenet is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding defendants other than Tenet set forth in Paragraph 40 and therefore denies the same. To the extent that Paragraph 40 contains any additional allegations, Tenet denies them.

41. Tenet denies the allegations in Paragraph 41.

42. Tenet denies the allegations in Paragraph 42. Tenet is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding defendants other than Tenet set forth in Paragraph 42 and therefore denies the same.

43. Tenet denies the allegations in Paragraph 43. Tenet is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding defendants other than Tenet set forth in Paragraph 43 and therefore denies the same.

44. Tenet denies the allegations in Paragraph 44. Tenet is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding defendants other than Tenet set forth in Paragraph 44 and therefore denies the same.

45. Tenet denies the allegations in Paragraph 45. Tenet is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding defendants other than Tenet set forth in Paragraph 45 and therefore denies the same.

46. Tenet denies the allegations in Paragraph 46. Tenet is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding defendants other than Tenet set forth in Paragraph 46 and therefore denies the same.

47. Tenet denies the allegations in Paragraph 47.

48. Tenet denies the allegations in Paragraph 48. Tenet is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding defendants other than Tenet set forth in Paragraph 48 and therefore denies the same.

49. Tenet denies the allegations in Paragraph 49. Tenet is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding defendants other than Tenet set forth in Paragraph 49 and therefore denies the same.

50. Tenet denies the allegations in Paragraph 50. Tenet is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding defendants other than Tenet set forth in Paragraph 50 and therefore denies the same.

51. Tenet denies the allegations in Paragraph 51. Tenet is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding defendants other than Tenet set forth in Paragraph 51 and therefore denies the same.

52. To the extent that Paragraph 52 purports to quote from or characterize any case law, Tenet refers to those documents themselves for a true and correct statement of their holdings, findings, and/or determinations. Tenet otherwise denies the allegations in Paragraph 52. Tenet is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding defendants other than Tenet set forth in Paragraph 52 and therefore denies the same.

53. Tenet lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the evidence on which Plaintiff "will rely" in this litigation, and on that

basis denies them. To the extent that Paragraph 53 purports to quote from or characterize any case law, Tenet refers to those documents themselves for a true and correct statement of their holdings, findings, and/or determinations. To the extent that Paragraph 53 contains any additional allegations, Tenet denies them.

54. To the extent that Paragraph 54 purports to quote from or characterize any case law, Tenet refers to those documents themselves for a true and correct statement of their holdings, findings, and/or determinations. Tenet otherwise denies the allegations in Paragraph 54. Tenet is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding defendants other than Tenet set forth in Paragraph 54 and therefore denies the same.

55. Tenet denies the allegations in Paragraph 55. Tenet is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding defendants other than Tenet set forth in Paragraph 55 and therefore denies the same.

56. Tenet denies the allegations in Paragraph 56. Tenet is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding defendants other than Tenet set forth in Paragraph 56 and therefore denies the same.

57. Tenet admits that it has never entered into a license agreement with Plaintiff. Tenet is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding defendants other than Tenet set forth in Paragraph 57 and therefore denies the same. To the extent Paragraph 57 contains any additional allegations, Tenet denies them.

## COUNT II
### Alleged Infringement of U.S. Patent No. 7,464,040

58. Paragraph 58 does not appear to contain any allegations that have not been addressed above, and Tenet incorporates its answers to the foregoing paragraphs as if set forth

fully herein.  To the extent that Paragraph 58 contains any allegations that have not been addressed above, Tenet denies them.

59.   Tenet admits that it received notice of U.S. Patent No. 7,464,040 ("the '040 patent") on the date that it received service of the Original Complaint in this litigation.  Tenet is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding defendants other than Tenet set forth in Paragraph 59 and therefore denies the same.  To the extent that Paragraph 59 contains any additional allegations, Tenet denies them.

60.   Tenet denies the allegations in Paragraph 60.

61.   Tenet denies the allegations in Paragraph 61.

62.   Tenet denies the allegations in Paragraph 62.  Tenet is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding defendants other than Tenet set forth in Paragraph 62 and therefore denies the same.

63.   Tenet denies the allegations in Paragraph 63.  Tenet is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding defendants other than Tenet set forth in Paragraph 63 and therefore denies the same.

64.   Tenet denies the allegations in Paragraph 64.  Tenet is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding defendants other than Tenet set forth in Paragraph 64 and therefore denies the same.

65.   Tenet denies the allegations in Paragraph 65.

66.   Tenet denies the allegations in Paragraph 66.

67.   Tenet denies the allegations in Paragraph 67.  Tenet is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding defendants other than Tenet set forth in Paragraph 67 and therefore denies the same.

68. Tenet denies the allegations in Paragraph 68. Tenet is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding defendants other than Tenet set forth in Paragraph 68 and therefore denies the same.

69. Tenet denies the allegations in Paragraph 69. Tenet is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding defendants other than Tenet set forth in Paragraph 69 and therefore denies the same.

70. Tenet denies the allegations in Paragraph 70. Tenet is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding defendants other than Tenet set forth in Paragraph 70 and therefore denies the same.

71. To the extent that Paragraph 71 purports to quote from or characterize any case law, Tenet refers to those documents themselves for a true and correct statement of their holdings, findings, and/or determinations. Tenet otherwise denies the allegations in Paragraph 71. Tenet is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding defendants other than Tenet set forth in Paragraph 71 and therefore denies the same.

72. Tenet lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the evidence on which Plaintiff "will rely" in this litigation, and on that basis denies them. To the extent that Paragraph 72 purports to quote from or characterize any case law, Tenet refers to those documents themselves for a true and correct statement of their holdings, findings, and/or determinations. To the extent that Paragraph 72 contains any additional allegations, Tenet denies them.

73. To the extent that Paragraph 73 purports to quote from or characterize any case law, Tenet refers to those documents themselves for a true and correct statement of their holdings, findings, and/or determinations. Tenet otherwise denies the allegations in Paragraph 73. Tenet is

without knowledge or information sufficient to form a belief as to the truth of the allegations regarding defendants other than Tenet set forth in Paragraph 73 and therefore denies the same.

74. Tenet denies the allegations in Paragraph 74. Tenet is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding defendants other than Tenet set forth in Paragraph 74 and therefore denies the same.

75. Tenet denies the allegations in Paragraph 75. Tenet is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding defendants other than Tenet set forth in Paragraph 75 and therefore denies the same.

76. Tenet admits that it has never entered into a license agreement with Plaintiff. Tenet is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding defendants other than Tenet set forth in Paragraph 76 and therefore denies the same. To the extent Paragraph 76 contains any additional allegations, Tenet denies them.

## PRAYER FOR RELIEF

Tenet denies that Plaintiff is entitled to any of the relief sought or any relief or remedy whatsoever. Tenet denies that it has directly, indirectly, contributorily, or by inducement, literally or by the doctrine of equivalents, infringed, willfully or otherwise, either of the patents asserted in this case. Tenet denies that Plaintiff is entitled to any damages, a declaration that this is an "exceptional" case, pre- or post-judgment interest, costs or attorneys' fee, or any relief at law or in equity.

## AFFIRMATIVE DEFENSES

Tenet asserts the following affirmative defenses in response to the allegations of the Complaint, without admitting or acknowledging that it bears the burden of proof as to any of them. Defendant asserts these affirmative defenses based upon information presently available to it, and

reserves the right to assert additional affirmative defenses or withdraw any of these affirmative defenses as further information becomes available through discovery or otherwise, that may become available through information developed in discovery, at trial, or otherwise.

### FIRST AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM

The Complaint fails to state a claim for which relief sought may be granted. Plaintiff has failed to allege with required specificity that any of the Accused Instrumentalities or the use thereof infringes any claim of either of the asserted patents.

### SECOND AFFIRMATIVE DEFENSE – NON-INFRINGEMENT OF THE '048 PATENT

Defendant has not infringed, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable asserted claim of the '048 patent.

### THIRD AFFIRMATIVE DEFENSE – NON-INFRINGEMENT OF THE '040 PATENT

Defendant has not infringed, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable asserted claim of the '040 patent.

### FOURTH AFFIRMATIVE DEFENSE – INVALIDITY OF THE '048 PATENT

The asserted claims of the '048 patent are invalid for failing to comply with one or more of the conditions and requirements of the patent laws, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### FIFTH AFFIRMATIVE DEFENSE – INVALIDITY OF THE '040 PATENT

The asserted claims of the '040 patent are invalid for failing to comply with one or more of the conditions and requirements of the patent laws, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### SIXTH AFFIRMATIVE DEFENSE – PROSECUTION HISTORY ESTOPPEL

On information and belief, Plaintiff is estopped from asserting and/or construing any asserted claim of either of the asserted patents to have been infringed by the Accused Instrumentalities based on estoppel; prosecution history estoppel; and collateral, administrative, and judicial estoppel; by virtue of the cancellations, amendments, arguments, representations, and/or concessions made to the U.S. Patent and Trademark Office during the pendency of the applications for the asserted patents and for any related patents and patent applications and post-grant proceedings.

### SEVENTH AFFIRMATIVE DEFENSE – EQUITABLE ESTOPPEL

Plaintiff's attempted enforcement of the asserted patents against Defendant is barred by one or more of the equitable doctrines of estoppel, acquiescence, waiver, and/or unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE – ENSNAREMENT

Plaintiff's claims of patent infringement under the doctrine of equivalents are barred in whole or in part to the extent the scope of any such equivalent would ensnare the prior art.

### NINTH AFFIRMATIVE DEFENSE – FAILURE TO MARK

Plaintiff's claims for damages are barred, in whole or in part, to the extent that Plaintiff and any prior assignees or owners of the asserted patents failed to mark any relevant products or materials as required by 35 U.S.C. § 287.

### TENTH AFFIRMATIVE DEFENSE – NO WILLFUL INFRINGEMENT

To the extent Tenet is found to infringe any valid claims of the patents-in-suit (and Tenet contends that it has not and does not infringe), such infringement was not willful.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Tenet hereby requests a trial by jury on all issues so triable.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  July 25, 2022 | */s/  Andrew M. Long* <br> Andrew M. Long (TX Bar No. 24123079) <br> Email:  amlong@shb.com <br> Robert H. Reckers (TX Bar No. 24039520) <br> Email:  rreckers@shb.com <br> **SHOOK, HARDY & BACON L.L.P.** <br> 600 Travis Street, Suite 3400 <br> Houston, TX 77002 <br> (713) 227-8008 <br> Fax: 713-227-9508 <br><br> ***Counsel for Defendant*** <br> ***Tenet Healthcare Corporation*** |

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of July, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Randall T. Garteiser
Email: rgarteiser@ghiplaw.com

Claire Abernathy Henry
Email: clair@wsfirm.com

                                                          /s/ Andrew M. Long
                                                          Andrew M. Long